## UNITED STATES DISTRICT COURT,
## FOR THE WESTERN DIVISION OF MASSACHUSETTS

CIVIL ACTION
NO.: 05-30057-MAP

PAUL MARTIN AND JOANN MARTIN )
     Plaintiffs          )
                       )
                       )
v.                      )
                       )
                       )
INDIAN HARBOR INSURANCE     )
COMPANY,                )
     Defendant          )

## ANSWER OF THE DEFENDANT, INDIAN HARBOR INSURANCE COMPANY TO THE PLAINTIFFS, PAUL MARTIN AND JOANN MARTIN COMPLAINT

## FIRST DEFENSE

## Jurisdiction

The Defendant, Indian Harbor Insurance Company, hereby makes its answers to the allegations contained in the numbered paragraphs of the Plaintiffs' Complaint as follows:

1. The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations contained herein.

2. The Defendant admits the allegations contained in this paragraph.

3. The Defendant admits that there appears to be complete diversity among the parties. The remaining allegations contained in this paragraph require conclusions of law and, therefore, no response to these allegations is required. However, to the extent that responses are required, the Defendant is without

sufficient knowledge or information to form a belief as to the truth of these

allegations and, therefore, denies the remaining allegations contained herein.

**Facts**

4.      The Defendant admits that the Plaintiffs, through their insurance

producer/broker, completed and submitted a Commercial Insurance

Application for insurance for the business identified as the "Maple Leaf Inn,

Inc." with a building at 11 Arnold Street, Westfield, Massachusetts.  The

Defendant is informed and believes to be true the statement that the structure

consisted of two stories with a business on the first floor and eight residential

rental units on the second.  The Defendant denies the remaining allegations

contained herein.

5.      The Defendant is without sufficient knowledge or information to form a belief

as to the truth of the allegations contained in this paragraph and, therefore,

denies the allegations contained herein.

6.      The Defendant admits the allegations contained in this paragraph.

7.      The Defendant admits the allegations contained in this paragraph.

8.      The Defendant admits that the policy of insurance contained a "Coinsurance"

clause in form endorsement CP 00 10 04 02 on pages 11 and 12 of 14.  The

"Coinsurance" clause repeated by the Plaintiff in this paragraph is incomplete

and the Defendant relies on the complete terms and conditions of the policy of

insurance in relation to this issue.  The Defendant denies the remaining

allegations contained herein.

9.    The Defendant is without sufficient knowledge or information to form a belief as to the truth of these allegations contained in this paragraph and, therefore, denies the allegations contained herein.

10.    The Defendant admits that the Plaintiff was charged $150.00 for an inspection fee but denies the remaining allegations contained in this paragraph.

11.    The Defendant admits that on or about April 16, 2004 Regional Reporting, Inc. inspected the property for the defendant insurer but denies the remaining allegations contained herein.

12.    The Defendant admits that the inspection company issued a report but the quality of the copy attached to the Complaint is poor and, therefore, the Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies the remaining allegations contained herein.

13.    The Defendant admits that included in the report was a mention of certain building components and construction costs but the Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in this paragraph and, therefore, denies the remaining allegations contained herein.

14.    The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations contained herein.

15.    The Defendant admits that a copy of the report was not provided to the Plaintiffs.  The Defendant admits that it did not reduce the policy limit or

3

refund any part of the insurance premium paid.  The Defendant is informed and believes that the Plaintiffs were not aware of the content of the inspection report.  The Defendant denies the remaining allegations contained herein.

16.     The Defendant admits that on or about August 3, 2004 the insured property was damaged by fire.  The Defendant denies the remaining allegations contained in this paragraph.

17.     The Defendant admits that the Plaintiffs reported the loss on or about August 4, 2004.  The Defendant denies the remaining allegations contained herein.

18.     The Defendant admits that adjusters working on behalf of the Defendant calculated a replacement cost value for the building in the amount of $748,649.00.  The Defendant admits that at the time of the loss, the building had insufficient insurance with respect to the coinsurance requirement of the policy.  The Defendant admits that it paid the Plaintiffs $416,474.79.  The Defendant denies each and every other allegation contained herein.

19.     The Defendant denies the allegations contained herein.

20.     The Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and, therefore, denies the allegations contained herein.

## COUNT 1
### Breach of Contract

21.     The Defendant repeats and reavers its responses to Paragraphs 1 through 20 as if fully set forth herein.

22.     The Defendant denies the allegations contained in this paragraph.

23.     The Defendant denies the allegations contained in this paragraph.

## COUNT II
## Negligence

24.     The Defendant repeats and reavers its responses to Paragraphs 1 through 23 as
        if fully set forth herein.

25.     This paragraph contains a statement that requires a conclusion of law.  The
        Defendant admits that it sought to adjust the loss with the Plaintiffs in a "fair"
        and "reasonable" manner, but denies each and every other allegation
        contained herein.

26.     The Defendant denies the allegations contained in this paragraph.

## COUNT III
## Violation of c.93A § 11

27.     The Defendant repeats and reavers its responses to Paragraphs 1 through 26 as
        if fully set forth herein.

28.     The Defendant denies the allegations contained in this paragraph.

29.     The Defendant denies the allegations contained in this paragraph.

30.     The Defendant admits that it received a letter from Plaintiffs' counsel dated
        January 5, 2005 that was attached to the complaint as Exhibit C.  The
        Defendant admits that it responded to Plaintiffs' counsel's letter with a letter
        dated January 27, 2005 that was attached to the Complaint as Exhibit D.  The
        Defendant denies the remaining allegations contained herein.

31.     The Defendant denies the allegations contained in this paragraph.

32.     The Defendant denies the allegations contained in this paragraph.

## SECOND DEFENSE

        The Defendant states, pursuant to Fed. R.Civ.P. 12(b)(6), that the Complaint fails
to state a claim upon which relief can be granted against the Defendant.

5

**THIRD DEFENSE**

The Plaintiffs' claim is barred on the grounds that the Defendant has performed all obligations under the applicable agreement between the parties.

**FOURTH DEFENSE**

The Plaintiffs are barred from recovery because this action was not brought within the time specified by the general laws of this Commonwealth and the limitation of action clause contained in the policy of insurance.

**FIFTH DEFENSE**

Any recovery by the Plaintiffs must be limited by the terms and conditions of the policy of insurance complained upon.

**SIXTH DEFENSE**

The Plaintiffs have failed to satisfy conditions precedent under the policy and at law prior to filing suit.

**SEVENTH DEFENSE**

The Plaintiffs' claim is excluded or limited by the terms and conditions of the policy of insurance.

**EIGHTH DEFENSE**

The Plaintiffs are barred from recovery by reason of their failure to comply with the contractual provisions of the policy of insurance concerning reference prior to instituting a civil action.

**NINTH DEFENSE**

The Plaintiffs are barred from recovery by reason of their failure to comply with the conditions subsequent in the policy of insurance prior to instituting a civil action.

**TENTH DEFENSE**

The Plaintiffs may only recover under the policy of insurance in effect at the time of the alleged loss to the extent they prove they were entitled to recover under the policy.

## ELEVENTH DEFENSE

The Plaintiffs are barred from recovery by reason of their failure to comply with the terms and conditions of their insurance policy.

## TWELFTH DEFENSE

Any duty of the Defendant to provide coverage for the claimed loss is subject to all applicable terms and conditions, deductibles, retentions, retrospective premiums, and limits of liability under the policy issued by the Defendant.

## THIRTEENTH DEFENSE

Further answering, the Defendant states that to the extent that it had any obligations to the Plaintiffs, such obligations have been fully and completely performed in every respect.

## FOURTEENTH DEFENSE

The Defendant states that it has acted fairly, promptly, reasonably, honestly, in compliance with their legal obligations, and in good faith in handling of this claim.

## FIFTEENTH DEFENSE

The Plaintiffs are barred from recovery as to Count III of the Complaint by reason of their failure to comply with the statutory provisions of M.G.L. c. 93A as a prerequisite to filing suit.

## SIXTEENTH DEFENSE

The dispute between the Plaintiffs and the Defendant constitutes a good faith dispute on the part of the Defendant regarding the interpretation and application of insurance coverage, and the actions of the Defendant have been based upon a plausible, good faith understanding of any obligations owed by it, and, therefore, it have not committed any unfair or deceptive acts or practices within the meaning of M.G.L. c. 93A.

## SEVENTEETH DEFENSE

The Defendant states pursuant to Fed.R.Civ.P. 12(b)(6), the Complaint fails to state a claim upon which relief may be granted against the Defendant as to Count III on the grounds that the Defendant has at no time committed any violations of either M.G.L. c.93A or c.176D during the investigation and adjustment of this claimed loss.

## EIGHTEENTH DEFENSE

The Defendant states that if it is determined that the Plaintiffs are entitled to recovery under Chapter 93A of the Massachusetts General Laws, which the Defendant denies, any recovery is limited to the actual damage sustained, and that the Plaintiffs are not entitled to double or treble damages on the grounds that the Defendant has not willfully or intentionally or knowingly violated the provisions of Massachusetts General Laws Chapter 93A.

## NINETEENTH DEFENSE

The Defendant states that if is determined that the Defendant committed any act or acts that violate the provisions of M.G.L. c. 93A, which the Defendant expressly denies, there is no causal link between the Defendant's acts and the Plaintiffs' alleged loss.

## TWENTIETH DEFENSE

Count III of the Plaintiff's Complaint fails to state a claim upon which relief can be granted in that G.L. c. 176D provides no private remedy for individuals or entities allegedly injured by a violation of its provisions.

## TWENTY-FIRST DEFENSE

Any assessment of punitive damages against the Defendant is barred as being confiscatory and violative of the due process and equal protection clauses of the United States and Massachusetts Constitutions, and furthermore for the reasons that:

   a.   under the circumstances at issue, no cause of action for punitive damages has been recognized under any applicable law;

   b.   unless any alleged liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments of United States Constitution and by the due process provisions of the Massachusetts Declaration of Rights, or any other applicable provision of said Constitutions;

   c.   the Plaintiffs' claim for punitive damages cannot be sustained, because an award of punitive damages subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose would violate the Defendant's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and by the due process

provisions of the Massachusetts Declaration of Rights or any other applicable provisions of said constitutions;

d.    the Plaintiffs' claim for punitive damages cannot be sustained, because an award of punitive damages under any applicable law by a jury that:

(1)    is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award;

(2)    is not instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment;

(3)    is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of the Defendant;

(4)    is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not defined with sufficient clarity to conduct or mental state that makes punitive damages permissible; and

(5)    is not subject to judicial review on the basis of objective standards, would violate the Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and Massachusetts Declaration of Rights, and the double jeopardy clause of the Fifth Amendment has incorporated into the Fourteenth Amendment and by the Massachusetts State Constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

e.    the Plaintiffs' claim for punitive damages cannot be sustained, because an award of punitive damages under any applicable law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by applicable law would violate the Defendant's due process rights guaranteed by the Fourteenth Amendment to United States Constitution and by the due process provisions of the Massachusetts State Constitution.

f.    the Plaintiffs' claim for punitive damages cannot be sustained on the grounds that a Massachusetts court may not use a punitive damages deterrent as a means to impose regulatory policies on other jurisdictions.

g.    the Plaintiffs' claims for punitive damages cannot be sustained on the grounds that a state may not impose economic sanctions on an alleged

tortfeasor with the intent of changing or deterring its lawful conduct in other states.

h.    the Plaintiffs' claim for punitive damages cannot be sustained to the extent that it does not bear a reasonable relationship to compensatory damages.

i.    the Plaintiffs' claim for punitive damages cannot be sustained because the Defendant did not receive fair notice not only of the conduct that could subject it to punishment, but also to the severity of the penalty that Massachusetts may impose.

j.    the Plaintiffs' claim for punitive damages cannot be sustained because an award for punitive damages under Massachusetts law without protections accorded others subjected to punitive damages would violate the Defendant's due process and equal protection and other procedural rights incorporated into the Fourteenth Amendment to the United States Constitution and Massachusetts constitutional provisions concerning defense against punitive measures.

k.    the Plaintiffs' claim for punitive damages cannot be justified without considering other less drastic remedies which could be expected to deter future alleged misconduct.

l.    the Plaintiffs' claim for punitive damages cannot be sustained to the extent any such award is based solely on conduct that occurred within Massachusetts, or to the extent it does not limit its consideration only to interests of Massachusetts residents.

## TWENTY-SECOND DEFENSE

The Plaintiffs' claim is barred on the grounds of estoppel.

## TWENTY-THIRD DEFENSE

The Plaintiffs' claim is barred on the grounds of waiver.

## TWENTY-FOURTH DEFENSE

The Plaintiffs' claim is barred on the grounds of the Statute of Frauds.

## TWENTY-FIFTH DEFENSE

If the Plaintiffs did sustain damages as alleged in the Complaint, which is denied, the Plaintiffs' damages were caused by and were the proximate result of the acts or omissions of a third person or persons for whose conduct the Defendant was not and is not legally responsible.

### TWENTY-SIXTH DEFENSE

The acts or omissions which are alleged to have caused the damages referred to in the Complaint were committed by a third party who was not an agent, servant or employee of the Defendant, and for whose acts or omissions the Defendant is not legally responsible.

### TWENTY-SEVENTH DEFENSE

The Plaintiffs' injuries and/or damages are precluded and/or limited by the provisions of M.G.L. c.231, § 85.

### TWENTY-EIGHTH DEFENSE

The Defendant states that if the Plaintiffs did sustain damages as alleged in the Complaint, which is denied, said damages were not the proximate result of any acts or omission on the part of the Defendant.

### TWENTY-NINTH DEFENSE

The Complaint should be dismissed on the grounds that the Defendant has not breached either its contract, any implied covenant of good faith and fair dealings regarding its contract, or any fiduciary duty owed to the Plaintiffs regarding this matter.

### THIRTIETH DEFENSE

The Defendant states that it has acted fairly, promptly, reasonably, honestly, in compliance with their legal obligations, and in good faith in handling of this claim.

### THIRTY-FIRST DEFENSE

If the Plaintiffs did sustain damages as alleged in the Complaint, which is denied, the negligence of the Plaintiffs contributed to their damages and, thus, any damages recovered in this action should be reduced in proportion to any negligence of the Plaintiffs.

### THIRTY-SECOND DEFENSE

The Defendant states that the Plaintiffs are not entitled to maintain this action for the reason that at the time set forth in the complaint, the Plaintiffs were not in the exercise of due care and the damages alleged were caused in whole or in part by the negligence of the Plaintiffs to a degree greater than any alleged negligence of the Defendant.

## THIRTY-THIRD DEFENSE

Further answering, the Defendant states the intervening act of a third party was the proximate cause of the alleged damage to the Plaintiffs.

## THIRTY-FOURTH DEFENSE

If the Plaintiffs did sustain damages as alleged in the Complaint, which is denied, the negligence of the Plaintiff contributed to their damages, was greater than any alleged negligence of the Defendant and, thus, bars the recovery of any damages in this action.

## THIRTY-FIFTH DEFENSE

If the Plaintiffs did sustain damages as alleged in the Complaint, which is denied, the negligence of the Plaintiffs contributed to their damages, if any, and, thus, any damages recovered in this action should be reduced in proportion to any negligence of the Plaintiffs.

## THIRTY-SIXTH DEFENSE

The Defendant hereby place the Plaintiffs on notice that it intends to rely upon such additional defenses as may be developed during the course of discovery, and reserves the right to amend this answer accordingly.

**WHEREFORE**, having fully answered, the Defendant denies that the Plaintiffs are entitled to the relief prayed for in the Complaint or to any other relief, and the Defendant prays that the Court dismiss the Complaint, with prejudice, and that it award the Defendant costs and attorney's fees, and that the Court grant any such other further relief to the Defendant as it deems just and proper.

**THE DEFENDANT CLAIMS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

The Defendant,
Indian Harbor Insurance Company
By its attorney,

_____"/s/"_____
William O. Monahan
BBO# 542916
Monahan & Associates, P.C.
113 Union Wharf East
Boston, MA 02109
(617)227-1500

12

CERTIFICATE OF SERVICE

I, William O. Monahan, hereby certify that on the 28th day of March, 2005, I have
served the foregoing document by causing a copy of same to be sent via first class mail,
postage prepaid, directed to Paul S. Weinberg, Esquire and John E. Garber, Esquire,
Weinberg & Garber, P.C., 71 King Street, Northampton, MA 01060.


                                    _____”/s/”____ _____
                                    William O. Monahan

Martinpaul/answer.doc